## Coffinbarger v. Coffinbarger.

(Decided April 17, 1917.)

Appeal from Campbell Circuit Court.

Divorce—Alimony—Payment in Lump Sum.—The alimony adjudged in this action is directed to be paid in a lump sum instead of weekly allowance

HORACE W. ROOT for appellant.

A. M. CALDWELL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In September, 1915, Minnie Coffinbarger, the appellant, as plaintiff, brought this suit against her husband, John Coffinbarger, the appellee, to secure alimony and maintenance for herself and children pending the action, including costs and a reasonable attorney fee, charging in her petition that in June, 1915, the husband, without any fault on her part, abandoned her, refusing to make any provision for the support of herself or her two children by her former marriage, although he had agreed before and at the time of her marriage that he would care for and provide for these children the same as if they were his own. She further averred that he had been guilty of habitually behaving towards her for the six months last past in such a cruel and inhuman manner as to indicate a settled aversion towards her, thereby destroying permanently her peace and happiness. She

further charged that he was the owner of real estate consisting of a house and lot worth about five thousand dollars, and that he earned at his trade about twenty-five dollars a week, and set up that she had no income or estate or means of maintaining herself or her children.

The defendant, after denying the averments of the petition, except as to the ownership of the house and lot, which he admitted were worth about $3,200, and after further admitting that his earnings were fifteen dollars a week, set up by way of counter-claim that his wife was the owner of property of considerable value from which she realized income and rents, and further averred that in two years last past he had given to her $1,450.00 in money to be deposited in a savings bank and kept there, and that in violation of the trust she had spent all of this sum except about $450.00, which she then had in bank to her credit.

After the evidence in the case had been taken, the court, after saying that "This case illustrates how small differences between married people, if not met in the proper spirit of mutual forbearance, lead to an irreconcilable breach. One party seems to me to be as much at fault as the other, but in view of the practical necessities of the case a separation should be decreed," adjudged a separation from bed and board, and allowed Mrs. Coffinbarger as alimony five dollars a week until further order of court, but provided that these payments should not commence until she surrendered to her husband the possession of his house, which it seems she had been occupying. The court also refused to allow any maintenance pending the suit, but allowed one hundred dollars for attorney fee. After this the court awarded the husband a writ of possession for the house, but the execution of the writ was superseded and this appeal prosecuted by the wife, who insists that she should have been allowed more alimony and a larger attorney fee.

The evidence in the case is conflicting as well as confusing, the principal witnesses being the husband and the wife, and each of them testified at great length concerning alleged misconduct on the part of the other consisting of various degrees of misbehavior. It would serve no useful purpose to set out at length the various acts about which the parties testified illustrating the disagreeable relations that existed between them beginning shortly after their marriage in 1912. It is, however, very evident that both of them in testifying exaggerated as much as

possible the misconduct of the other and minimized as much as possible their own bad behavior.

Just how much money was given to Mrs. Coffinbarger by her husband the record does not show in a very satisfactory way, but that she got several hundred dollars from him at different times for purposes of saving is made reasonably clear, all of which she either now has or has spent in her own way. Taking into consideration the money she so received from him and the fact that she has had the use and possession of his house pending this suit, we are inclined to think that it would be better for both parties to allow her a lump sum in place of weekly or monthly alimony, and we have concluded to fix this sum at five hundred dollars, leaving the attorney fee as fixed by the lower court. On a return of the case the court will make such orders as may be necessary to secure Mrs. Coffinbarger the sum of five hundred dollars, which will be in full settlement of all her claims for past and future maintenance and alimony. When this money and the costs of the suit, including the attorney fee, have been paid, Coffinbarger should be placed in possession of his house.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.